SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
Transamerica Pyramid
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*MASTEROBJECTS, INC.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MASTEROBJECTS, INC.,

    Plaintiff,

v.

YAHOO! INC.,

    Defendant.

Case No. C 13-4326 JSW

**PLAINTIFF MASTEROBJECTS, INC.'S ANSWER TO DEFENDANT YAHOO!, INC.'S COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

# ANSWER TO COUNTERCLAIMS

MasterObjects, Inc. ("MasterObjects" or "Plaintiff"), Plaintiff and Counter-Defendant, hereby states its Answer to the Counterclaims alleged by Yahoo!, Inc. ("Yahoo" or "Defendant") (*see* Dkt. No. 20), demands a jury trial, and alleges as follows:

## PARTIES

1. Answering the allegations in Paragraph 1, MasterObjects admits said allegations.

2. Answering the allegations in Paragraph 2, MasterObjects admits that it is a corporation organized under the laws of the State of Delaware. MasterObjects further alleges that it had its principal place of business in San Francisco, California prior to January 1, 2010, and that it now has its principal place of business in Utrecht, Netherlands. MasterObjects denies each and every remaining allegation in Paragraph 2.

## JURISDICTION AND VENUE

3. Answering the allegations in Paragraph 3, MasterObjects admits said allegations.

4. Answering the allegations in Paragraph 4, MasterObjects admits said allegations.

5. Answering the allegations in Paragraph 5, MasterObjects admits said allegations.

6. Answering the allegations in Paragraph 6, MasterObjects admits said allegations.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,539,024

7.      Answering the allegations in Paragraph 7, MasterObjects restates and realleges its answer to Paragraphs 1 through 6 of Yahoo's Counterclaims above as if set forth fully herein.

8.      Answering the allegations in Paragraph 8, MasterObjects admits said allegations.

9.      Answering the allegations in Paragraph 9, MasterObjects admits that Yahoo denies MasterObjects' allegations of infringement, and denies that Yahoo's denials have any merit, and denies each and every remaining allegation in said paragraph.

10.     Answering the allegations in Paragraph 10, MasterObjects admits said allegations.

11.     Answering the allegations in Paragraph 11, MasterObjects admits that jurisdiction exists here for a declaratory claim regarding infringement of the '024 patent, and lacks knowledge or information sufficient to admit or deny the remaining allegations in said paragraph, and on that basis denies each and every allegation remaining in said paragraph.

12.     Answering the allegations in Paragraph 12, MasterObjects denies said allegations.

### COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,539,024

13.     Answering the allegations in Paragraph 13, MasterObjects restates and realleges its answer to Paragraphs 1 through 6 of Yahoo's Counterclaims above as if set forth fully herein.

14.     Answering the allegations in Paragraph 14, MasterObjects admits said allegations.

15. Answering the allegations in Paragraph 15, MasterObjects admits that Yahoo denies MasterObjects' allegations of infringement, and denies that Yahoo's denials have any merit, and denies each and every remaining allegation in said paragraph.

16. Answering the allegations in Paragraph 16, MasterObjects admits said allegations.

17. Answering the allegations in Paragraph 17, MasterObjects admits that jurisdiction exists here for a declaratory claim regarding validity of the '024 patent, and lacks knowledge or information sufficient to admit or deny the remaining allegations in said paragraph, and on that basis denies each and every allegation remaining in said paragraph.

18. Answering the allegations in Paragraph 18, MasterObjects denies said allegations.

### EXCEPTIONAL CASE

19. Answering the allegations in Paragraph 19, MasterObjects denies said allegations.

### PRAYER FOR RELIEF

Answering Yahoo's Prayer for Relief, MasterObjects re-affirms that it is entitled to relief, including the relief requested in its Prayer for Relief in its complaint, and denies that Yahoo is entitled to any of the relief it requests, including the relief Yahoo requests in its paragraphs 20 a. through f. of its Prayer for Relief, and prays that Yahoo take nothing by its Counterclaims.

WHEREFORE, Plaintiff prays for entry of judgment:

A. that the '024 Patent is valid and enforceable;

B. that Defendant has infringed one or more claims of the '024 Patent;

C. that Defendant's infringement of the claims of the '024 Patent was willful;

D.  that Defendant account for and pay to Plaintiff all damages caused by the infringement of the '024 Patent, which by statute can be no less than a reasonable royalty;

E.  that this Court adjudicate Defendant's infringement of the claims of the '024 Patent as willful, that the damages to Plaintiff be increased by three times the amount found or assessed pursuant to 35 U.S.C. § 284, and that the Defendant account for and pay to Plaintiff the increased amount;

F.  that this Court issue a preliminary and final injunction enjoining Yahoo, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that Yahoo and such other persons be permanently enjoined and restrained from further infringing the '024 Patent;

G.  that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '024 Patent;

H.  that this Court require Defendant to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

I.  that this be adjudged an exceptional case and Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285;

J.  that this Court award Plaintiff its costs and disbursements in this civil action, including reasonable attorney's fees; and

K.  that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

## **DEFENSES**

Subject to the responses above, MasterObjects alleges and asserts the following

defenses in response to the allegations contained in Yahoo's counterclaims. MasterObjects does not undertake the burden of proof as to any defense listed herein, regardless of how a defense is labeled, unless it is required to do so by law. MasterObjects reserves all rights to assert additional defenses that become known to it through the course of discovery and its investigation, or which it is entitled to assert at a later time.

**First Affirmative Defense to COUNT ONE**
**(No Declaratory Relief)**

Count One of Yahoo's counterclaims (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,539,024) cannot satisfy the requirements applicable to its request for declaratory relief of non-infringement.

**First Affirmative Defense to COUNT TWO**
**(Judicial Estoppel)**

Count Two of Yahoo's counterclaims (Declaratory Judgment of Invalidity of U.S. Patent No. 8,539,024) is barred by the doctrine of judicial estoppel.

**Second Affirmative Defense to COUNT TWO**
**(No Declaratory Relief)**

Count Two of Yahoo's counterclaims (Declaratory Judgment of Invalidity of U.S. Patent No. 8,539,024) cannot satisfy the requirements applicable to its request for declaratory relief of invalidity.

Dated:  December 10, 2013          Respectfully submitted,


                                   */s/ Darrell R. Atkinson*
                                   SPENCER HOSIE (CA Bar No. 101777)
                                   shosie@hosielaw.com
                                   DIANE S. RICE (CA Bar No. 118303)
                                   drice@hosielaw.com
                                   DARRELL R. ATKINSON (CA Bar No. 280564)

1
2
3
4
5
6
7
...
28

datkinson@hosielaw.com
HOSIE RICE LLP
Transamerica Pyramid
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*MASTEROBJECTS, INC.*

## DEMAND FOR JURY TRIAL

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated:  December 10, 2013          Respectfully submitted,


*/s/ Darrell R. Atkinson*
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
Transamerica Pyramid
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*MASTEROBJECTS, INC.*